DENNIS E. McCLENDON (V 22231)
_____
Name and Prisoner/Booking Number
CHCF - STOCKTON
_____
Place of Confinement
P.O. BOX 32110 (B5B-11?)
_____
Mailing Address
STOCKTON, CA 95213
_____
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

```
┌─────────────────────────────────────┐
│              FILED                    │
│                                       │
│          Nov 12, 2021                 │
│   CLERK, U.S. DISTRICT COURT          │
│  EASTERN DISTRICT OF CALIFORNIA       │
└─────────────────────────────────────┘
```

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS E. McCLENDON
_____
(Full Name of Plaintiff)        Plaintiff,

v.

(1) SECRETARY OF CDCR
_____
(Full Name of Defendant)
(2) Warden of CMF
_____
(3) Facility CDW OF CMF
_____
(4) Facility CAPTAIN OF CMF
_____
Defendant(s).
☒ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO.  2:21-cv-2088-AC (PC)
(To be supplied by the Clerk)

PRELIMINARY INJUNCTION
DEMAND FOR JURY TRIAL

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☒ Other: ADA

2. Institution/city where violation occurred: CALIFORNIA MEDICAL FACILITY

Continued . . .

# ADDITIONAL DEFENDANTS

5). Facility "A" LIEUTENANT OF CMF.

6). Facility "A" SERGEANT OF CMF.

7). Facility "A" CORRECTIONAL OFFICER(S) OF CMF
I, II, III, IV, V, VI, VII,
VIII, V

8). Warden R. BURTON. OF CHCF.

9). Facility CDW E. PEDERSEN. OF CHCF.

10). Facility "B" CAPTAIN CHAPPEL. OF CHCF,

11). Facility "B" LIEUTENANT B. VELASQUEZ.
OF CHCF.

12). Facility "B" SERGEANT OF CHCF.

13). Facility "B" CORRECTIONAL OFFICER(S)
OF CHCF I, II, III, IV, V, VI, VII,
VIII, V,

1A

## B. DEFENDANTS

1. Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
(Position and Title)                                                                 (Institution)

2. Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
(Position and Title)                                                                 (Institution)

3. Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
(Position and Title)                                                                 (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
(Position and Title)                                                                 (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☒ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

a. First prior lawsuit:
   1. Parties: _____ v. _____
   2. Court and case number: _____.
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
   _____.

b. Second prior lawsuit:
   1. Parties: _____ v. _____
   2. Court and case number: _____.
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
   _____.

c. Third prior lawsuit:
   1. Parties: _____ v. _____
   2. Court and case number: _____.
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
   _____.

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: DEFENDANTS VIOLATED PLAINTIFF EIGHTH AMENDMENT U.S. CONSTITUTIONAL RIGHTS.

2. **Claim I.** Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☒ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☐ Other: _____
   - ☐ Medical care
   - ☐ Retaliation

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

SEE: PAGES 3A through 3G .

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
PLAINTIFF HAS SUFFERED A BLACK EYE AND BLOODY NOSE FROM A PHYSICAL ATTACK, PLAINTIFF CAN'T FUNCTION DUE TO FEAR AND ANXIETY DUE TO CDCR FAILURE TO PROTECT HIM.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim I? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level? ☐ Yes ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. PLAINTIFF GRIEVANCE /602 WAS APPRVED / GRANTED AT THE FIRST LEVEL OF REVIEW.

# STATEMENT OF COMPLAINT

1). The California Department of Corrections and Rehabilitation (CDCR) have various disciplinary methods, and procedures in place to deal with violations of the California code of Regulation Title 15 by inmates housed within its population. Specific to this Complaint is matters of mandated constitutional access to Mental Health, and Protection from Physical, and Sexual Assult. A term misconstrued in CDCR, and misused is Exhibitionism. An inmate diagnosed with Exhibitionism is treated with certain methods of discipline that deny him Mental Health treatment, and expose him to Physical Harm, and Injury. CDCR and its Employees, know, or should know that inmates diagnosed with Exhibitionism are predisposed to Physical, and Sexual Assult, and are in need of Mental Health treatment to modify their Mental Disorder, and to punish them with all methods of discipline under "INMATE INDEENt EXPOSURE AND SEXUAL DISORDERLY CONDUCT MANAGEMENT" DOM art. 25; and "SEXUAL DISORDERLY CONDUCT" Title 15, sect. 3000; while in a General Population setting violate the EIGHTH, and FOURTEENTH Amendment of the U.S. Constitution.

3A

STATEMENT OF FACTS

2). In 2020, Plaintiff received a RVR (Rules Violation Report) for Indecent Exposure. Plaintiff was evaluated by a Mental Health Clinician that's employeed by CDCR, who told Plaintiff "I'll document your mental health condition in your medical file, but can't risk loosing my job by helping you...." The Clinician was speaking in regards to the fact that any ack of Indecent Exposure is deemed bizarre and require a Mental Health evaluation. Now, Plaintiff would have already received a Mental Health evaluation for any alleged misconduct because hie was included in CDCR Mental Health Service Delivery System (MHSDS) at the highest Level of Care (LOC). However, when Plaintiff was presumed, guilty of the RVR for violation of the California Code of Regulations (CCR) Title 15 section(s), he was ordered to wear an IEX (Indecent Exposure) Jumpsuit any thime he exited his cell, and their was an IEX sign plastard on his cell door for everyone to see, along with "Yellow" placards completdy covering his cell window. The cause for alarm in regards to these disciplinary methods, is because Plaintiff Axis One Mental Health Disorder declare his Mentali Ilte due to Childhood Sexual Trauma, as a victim of Sexual Assult as a Child, which prescribe his diagnose of Schizoaffect-ive; Depression, and Exhibitionism. Depite these facts,

3B

1  Plaintiff was forced to wear a IEX Jumpsuit, and have an

2  IEX sign on his door with "Yellow" placards on his Cell door

3  in a General Population setting which endanged his health,

4  safety, and posed an imminent risk to his overall welfare

5  since in prison the most unforgivable lable to have is

6  a "Snitch", and worst a "Sex Offender."

7

8        3). While at CMF - Vacaville (California Medical

9  Facility) Plaintiff repeatedly grieved his plight, and the overall

10  danger to his health, safety, and welfare due to the IEX

11  material imposed on his person, and grieved the denial,

12  and lack of access to Mental Health treatment to treat

13  his Mental Health Disorder. In and around 2020 of

14  September Plaintiff grieved that other inmates were

15  threating to kill him, and CDCR Staff were inclined to

16  allow the threat to be carried out... Plaintiff

17  specifically grieved the decision, and action of ~~the~~ secretary

18  CMF - Warden; CMF - Associate Warden; CMF- Facility

19  Captain(s); CMF - Lieutenant(s); CMF - Sergeant(s) and CMF -

20  Correctional Officer(s) to allow him to be in General

21  Population amongst some of the most violent inmates

22  and known gang members that have zero tolerance for

23  any inmate, or civilian labled as a Sexual Offender

24  with a IEX Jumpsuit on maliciously, and recklessly

25  endanged his life, and continues to danger his life

26  because no matter weare Plaintiff go he is told

27  he will be stabbed because he is a sexual predator.

28

3C

Plaintiff had to refuse multiple doctor appointsments; therapy group, and one-on-one sessions with his clinician; refuse Exercise Yard activities; decline to go to visiting; decline to attend the prison cateen yard; all because he was noticeably labled as a Sex Offender from the IEX disciplinary methods imposed on him in a General Population setting.

3). On October 14, 2020, Plaintiff would receive a decision to <u>one</u> of his grievance(s) from CMF-Chief Deputy Warden (CDW) - D. HURTADO; who "APPROVED" Plaintiff Claim . . . . When a Claim is "APPROVED" within CDCR, it is tantamount to an 602 be Granted. CDW D. HURTADO used a "Workfore TelestaffClassification Review dated: 9/14/20" to justify his "Reason and Decision" stating: " A review of the facts gathered during this review was conducted. It was determined staff actions were not consistent with the guidelines set forth in DOM section 52100.3. The Grievance Reviewer found evidence staff violated Policy - ." Plaintiff knew his life was still in danger from other inmates, and he knew CDCR staff would not protect him from the verbal, and physical threats waged against him in front of CDCR staff, who either looked the other way when threats were made of encouraged the abusive, and threatening rants, and promises made by other inmates; but CDCR staff never

3D

1  disciplined, or counseled the inmates who have and
2  continue to threaten Plaintiff for alleged by being a
3  Sex Offender for having to wear an IEX Jumpsuit, and have
4  IEX on his door, with "Yellow" placards while in General
5  Population with known, and documented inmates that injured
6  and or harmed inmates that have being forced to wear
7  an IEX Jumpsuit; had a IEX sign on their door; with
8  "Yellow" placards on their door ... Every person in CDCR,
9  especially know what the IEX lable mean, and the
10  "Yellow" placards signify Indecent Behavior, but
11  said disciplinary methods were reserved for specific
12  programs that treat Exhibitionism in a Secure, Safe,
13  Exclusive; Specialized Program., But these disciplinary
14  methods were not designed for General Population
15  settings because the inmate forced to program with
16  these IEX practices in a General Population setting will
17  be exposed to imminent danger. Now, even after
18  CDW - D. HURTADO grievance decision in Grievance
19  Number: 42964 finding that "CDCR violated Policy" when
20  housing Plaintiff in General Population with an IEX
21  Jumpsuit; IEX sign on his door; with "Yellow"
22  placards covering his cell windows; CDCR - Staff
23  at CMF - still continued to make him wear the IEX
24  Jumpsuit when he left his cell; continued to keep the
25  IEX sign on his cell door; and continued to keep the
26  "Yellow" placards on Plaintiff cell window. Plaintiff
27  exhausted every available remedy within reason to
28

3E

1  get CDCR-Staff to comply with CDW D. HURTADO
2  grievance decision, but all CDCR-Staff directly
3  involved with imposing the IEX on plaintiff consistently
4  informed Plaintiff verbally, and in writing that the DOM,
5  Title 15, and Operational Procedure (O.P.) authorized them
6  to knowingly with reckless' disregard put IEX
7  symbols on plaintiff person, and cell, with deliberate
8  indifference to his health and safety, even though a
9  significant, and likely result of injure and harm
10 existed.
11
12        4). At present the IEX symbols are still
13 being imposed on Plaintiff even after he was transferred
14 from CMF after multiple suicide attempts, and at the
15 recommendation of a Mental Health Clinician, Since
16 CDW D. HURTADO decision on 10/14/20 in Grievance
17 Number: 42964; Plaintiff has been forced to wear
18 an IEX Jumpsuit; had an IEX sign on his door; and
19 had "Yellow" placards covering his cell windows.
20 Plaintiff grieved this on Grievance Number: 160740
21 on August 19, 2021, when he arrived at CHCF (California
22 Health Care Facility); and all CDCR Staff continued
23 the IEX practices under the authority of CDCR
24 policies, practices, procedures, rules, and regulations
25 governing their execution of IEX Disciplinary
26 Methods.
27
28

3F

5). On September 13, 2021, CHCF - CDW - E. PEDERSEN rendered a grievance Decision, and stated his reason, and decision for Disapproving Plaintiff claim of his life being in Danger because of IEX Disciplinary Methods being imposed on him a the General Population at CHCF - Stockton. CDW — E. PEDERSEN justified Plaintiff having to wear an IEX Jumpsuit while out of his cell; having an IEX sign on his door; and the "Yellow" placards covering his window by saying "You have received 22 RVR's for IEX with prior convictions." CDW — E. PEDERSEN, and all CDCR staff are conspicuously indifferent to Plaintiff Mental Health Disorder, and need for treatment for his Disorder; as Plaintiff does not exit his cell to shower; or get, his COVID-19 treatment; Plaintiff is forced through omission of the IEX Jumpsuit, sign; and "Yellow" placards to stay in his cell to in hopes of protecting himself from General Population inmates who promise to kill him because he has been maliciously; vindictively; intentionally; and purposely, identified, catagorized, and classified as a Sex Offender by CDCR; which has exposed Plaintiff to the excessive risk of harm; and caused his health, and safety to be in imminent danger.

3G

# FIRST CAUSE OF ACTION

6). The identified, and unidentified; named and unnamed parties violated the EIGHTH AMENDMENT of the U.S. Constitution while performing their duties, and committing act(s) under the guise of underground rules, regulations, and policies. Thes decision(s); and action(s) made by these Departmental Employees of CDCR were carried out while employeed in their official capacity; and rendered with the prequsite objective objective, and subjective mindset to deliberately ignore, disregard, and silence the excessive risk of harm posed to Plaintiff health and safety by imposing and placing IEX Disciplinary Methods on Plaintiff in a General Population, where Defendants Knew or should've known that making Plaintiff to wear a IEX Jumpsuit each time he exited his cell; within the General Population would make him a target by General Population inmates who have zero tolerance for inmates classified as IEX. Defendants Knew or should've known that placing a IEX sign on his Cell Door would make him a target for assult by General Population inmates who have a zero tolerance for inmates classified as IEX. Defendants Knew, and should've known that placing bright "Yellow" placards on Plaintiff cell window in

3H

a General Population setting where "Yellow" placards identify an inmate as a Sex Offender, since inmates who is written up for IVEX, is usually prosecuted in Criminal Court and catagorized as a Sex Offender because CDCR thereafter place them under the "R" suffix which signify RAPE. Defendant(s) knew, or should've known that Plaintiff life was in danger when the observed inmates slide notes (kites) under his door, telling Plaintiff they would kill Plaintiff. Defendants knew, or should've known that the threat(s) and promise(s) shouted; yelled over the tier, and in the presence of CDCR staff to kill Plaintiff because he was a preceived Sex Offender where reasonable, and likely to be carried out if they did not protect Plaintiff, and discipline and counsel the inmates threatening to harm, injure, and or kill plaintiff. Defendant(s) knew, or should've known that practicing and adhereing to CDCR IEX rules, regulations, and policies violated the EIGHTH AMENDMENT of the U.S. Constitution.

# SECOND CAUSE OF ACTION

7). The identified, and unidentified, named and un-named parties violated the EIGHTH AMENDMENT of the U.S. Constitution while performing their duties, and committing act(s) in their official, and individual capacities, with a objective and

subjective culpable mindset that was, and is in violation of the EIGHTH AMENDMENT of the U.S. Constitution when they denied, delayed, omitted, and interferred with Plaintiff right to access and receive mandatory, and emergent Mental Health Treatment in a theraputic, and hospitable enviroment whether specialized, or designed to modify and stabalize his Mental Illness. Defendant(s) knew, or should've known that forcing Plaintiff to wear IEX cloths, signs, and placards would cause, stimulate, and further his depression and suicidal ideation and likely result in self harm and eventual lead to Plaintiff attempting suicide. Defendants know, or should've known that & allowing, and or causing plaintiff to isolate in his cell because of being forced to wear an IEX Jumpsuit each time he exited his cell would contribute to his decompensation, and cause him to engage in self injurious behavior. Defendant(s) knew, or should've known that Plaintiff irrational, suicidal, and bizarre behavior required them to generate a CDCR 128-MH5 Mental Health Referral to help Plaintiff access, and receive the Mental Health Treatment he desperately needed to regulate his Mental Health Disorder. Defendant(s) knew, or should've known that Plaintiff Mental Health Diagnosed, and Axis One of Exhibitism required them to allocate his to a program that could provide the Mental Health Care, Services, and treatment guaranteed to him under the EIGHTH AMENDMENT of

3J

the U.S. Constitution.

3K

CLAIM II

1.  State the constitutional or other federal civil right that was violated: DEFENDANTS VIOLATED
PLAINTIFF EIGHTH AMENDMENT U.S. CONSTITUTIONAL RIGHTS.

2.  Claim II. Identify the issue involved. Check only one. State additional issues in separate claims.
    ☐ Basic necessities          ☐ Mail              ☐ Access to the court        ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion       ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☒ Other: MENTAL HEALTH TREATMENT

3.  Supporting Facts. State as briefly as possible the FACTS supporting Claim II. Describe exactly what each
Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal
authority or arguments.

( SEE: PAGES 3A – through 3G).

4.  Injury. State how you were injured by the actions or inactions of the Defendant(s).
PLAINTIFF CAN'T GOT TO GROUP OR INDIVIDUAL THERAPY,
AND HIS IS NOT BEING PLACED IN AN PROGRAM TO SUBSIDE
HIS DIAGNOSIS; SUICIDE BEHAVIOR, AND DEPRESSION.

5.  Administrative Remedies.
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your
        institution?                                                                    ☒ Yes  ☐ No
    b.  Did you submit a request for administrative relief on Claim II?                  ☒ Yes  ☐ No
    c.  Did you appeal your request for relief on Claim II to the highest level?         ☐ Yes  ☒ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not.  PLAINTIFF GRIEVANCE / 602 WAS APPROVED / GRANTED
        AT THE FIRST LEVEL OF REVIEW.

4

## CLAIM III

1. State the constitutional or other federal civil right that was violated: _____

_____.

2. **Claim III.** Identify the issue involved. Check **only one.** State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____

_____

_____.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☐ Yes   ☐ No
   b. Did you submit a request for administrative relief on Claim III?   ☐ Yes   ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level?   ☐ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

_____.

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

( SEE: PAGES 6A )

_____

_____

_____


I declare under penalty of perjury that the foregoing is true and correct.

Executed on  11/9/2021
          DATE

McClenalon
SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

# REQUESTED RELIEF

8). Plaintiff request that this Court issue a Court Order making CDCR repeal its IEX policy to ~~use a~~ make an inmate wear an IEX Jumpsuit in General Population; have an ~~IEX~~ sign on his cell door in General Population; and have "Yellow" placards covering his cell window in General Population.

9). Plaintiff request that this Court grant his motion for a Preliminar Injunction.

10). Plaintiff request that this Court issue a scheduling order to permit Plaintiff to identify and name unidentified defendants.

11). Plaintiff request a Jury Trial.

6A

## PROOF OF SERVICE BY MAIL
## [CCP §§ 1013(a), 2015.5]

STATE OF CALIFORNIA, COUNTY OF <u>SAN JOAQUIN</u>

I am a citizen of the County of <u>SAN JOAQUIN</u>, State of California. I am a citizen of the United States of America.  I am over the age of eighteen (18) and not a party to this action.  I am a resident of the County of San Joaquin, CDCR# <u>V2274</u>.

My address is:

California Health Care Facility

<u>P.O. BOX 32110</u>

Stockton, CA 95215

On <u>11 / 9 / 21</u>, 2021, I served via United States Mail a copy of the following document(s): <u>CIVIL RIGHTS COMPLAINT .1983</u>

The above-noted legal document(s) was placed in a sealed envelope, with postage thereon fully prepaid, addressed to the person at the address indicated below pursuant to California Code of Civil Procedure Section 1013.  I placed the envelope or package in a mailbox or other like facility addressed to: <u>U.S. EASTERN DISTRICT COURT 501 I ST., STE 4-200 SACRAMENTO, CA 95814 - 2322</u>

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. This document was executed on <u>11 / 9</u>, 2021  in San Joaquin County, California.

<u>Dennis McClendon</u>
Type or Print Name

<u>McClendon D</u>
Signature